UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT MARION, | ) | |
| | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | 2:04-cr-00094-DBH |
| | ) | 2:12-cv-00215-DBH |
| UNITED STATES OF AMERICA, | ) | 2:08-cv-00060-DBH |
| | ) | |
|     Respondent | ) | |

**RECOMMENDED DECISION
ON SECOND OR SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255**

Robert Marion has filed a motion which is captioned as being brought pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) seeking to challenge his August 13, 2004, guilty pleas to a charge that he sold, distributed, or dispensed five or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), as well as his resulting sentence. Recently this Court denied a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 55) and that decision was upheld by the First Circuit Court of Appeals on January 13, 2012, which noted that Marion's sentence had been triggered in the first instance by the career offender guideline and not by the "old" crack cocaine guidelines. (USCA Judgment on Appeal, Case No. 2:12-cv-00215-DBH, ECF No. 60.) This portion of Marion's motion has no traction and can be summarily disregarded or dismissed by the Court.

To the extent that Marion's motion is a challenge to the underlying conviction, it represents his second attempt in this Court to obtain relief under 28 U.S.C. § 2255. This Court denied Marion's first Section 2255 petition on the merits and the First Circuit Court of Appeals declined to issue a certificate of appealability. (Judgment on 2255 Mot., Case No. 2-08-cv-00060-DBH, ECF No. 29; Mandate of USCA, Case No. 2-08-cv-00060-DBH, ECF No. 40.)

Marion's current motion allegedly raises new issues unrelated to the first petition and is based primarily on an argument that the recent Supreme Court decisions of Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), relating to ineffective assistance of counsel in the context of guilty pleas are retroactively applicable to his case.[1]  Marion offers no argument or explanation as to why the motion is being filed in this Court and I recommend that it be summarily dismissed without prejudice to Marion's right to pursue whatever remedies may be available to him in the First Circuit Court of Appeals.

Section 2244 of the federal habeas corpus statute provides:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  See also id. § 2255(h).  This motion clearly represents Marion's second attempt to obtain post conviction relief from this Court.  Given this presentation, this Court lacks jurisdiction to hear the motion.  28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(h); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) ("AEDPA's prior approval provision allocates subject-matter jurisdiction to the court of appeals by stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.").  While Marion has correctly noted that the Supreme Court has recently decided some new cases addressing ineffective assistance of counsel in the context of guilty pleas, nothing in those opinions or in existing federal habeas law changes

---

[1]  Both cases deal with counsel's failure to convey to the defendant plea offers from the prosecution and the recommendation by counsel to reject a plea offer and proceed to trial based on unsound advice.  The factual predicate put forth by Marion in this motion appears to be that he pled guilty to the charge based on his attorney's failure to properly inform him about the applicability of the career offender guideline.  It is not immediately apparent how these two Supreme Court cases would impact Marion's case in any event, even if they were made retroactively applicable to him.

the language or intent of 28 U.S.C. § 2244(b)(3)(A). I recommend that the motion be summarily dismissed without prejudice and without further proceedings.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 3, 2012                          /s/ Margaret J. Kravchuk
                                        U.S. Magistrate Judge