UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| ) | |
| v.   ) | CRIMINAL NO. 2:04-CR-94-DBH |
| ) | |
| ROBERT W. MARION, III,   ) | |
| ) | |
| DEFENDANT   ) | |

## *SUA SPONTE* ORDER ON DEFENDANT'S MOTION FOR SENTENCE REDUCTION

In July of 2014 the defendant Robert Marion filed a motion requesting appointment of counsel to seek a sentence reduction based upon the United States Sentencing Commission's then-recent decision to make retroactive a reduction in penalties for drug-related sentences. Letter from Robert Marion to Clerk of Court dated July 22, 2014 (ECF No. 76). I denied his motion as premature because the Amendment to the Sentencing Guidelines, by its language, directed that no release based upon its terms could occur earlier than November 2015. Order on Def.'s Mot. For Appointment of Counsel (ECF No. 77).

I now *sua sponte* order that the defendant is not eligible for a sentence reduction. The changes to the Sentencing Guidelines do not benefit this defendant because he was sentenced as a career offender in 2005, not on account of his drug quantity.[1] Sentencing Tr. at 24 (ECF No. 41); Order on Def.'s

---

[1] The defendant is also not entitled to resentencing under the Fair Sentencing Act, as its increase in drug quantity thresholds does not apply to convictions for conduct occurring prior to the effective date of the statute. United States v. Goncalves, 642 F.3d 245 (1st Cir. 2011), cert. denied, ___ U.S. ___, 132 S. Ct. 596 (2011).

Mot. to Reduce Sentence (ECF No. 49); and Judgment of United States Court of Appeals for the First Circuit (ECF No. 60).  A defendant whose career offender status produced his Guideline sentencing range does not qualify for a sentence reduction on account of Guideline changes in drug quantity calculations.  See United States v. Cardosa, 606 F.3d 16, 19 (1st Cir. 2010).

**SO ORDERED.**

**DATED THIS 12TH DAY OF MAY, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**