UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT MARION, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | <br><br><br><br><br>2:04-cr-00094-DBH<br>2:17-cv-00065-DBH<br><br><br><br> |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner Robert Marion has filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 88.) Petitioner argues he is entitled to relief under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015). The pending motion is not his first request for relief under *Johnson*; the Court determined that his prior motion (ECF No. 80), which also sought relief under *Johnson*, was a second or successive motion subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), and transferred the matter to the First Circuit. (Recommended Decision, ECF No. 82 at 1-2; Order Affirming, ECF No. 84.) On December 28, 2016, the First Circuit dismissed the matter for lack of prosecution. (*Marion v. United States*, No. 16-2022 (1st Cir. Dec. 28, 2016).)

Because Petitioner's motion is subject to the gatekeeping provisions of 28 U.S.C. §§ 2244, 2255(h), in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, I recommend the Court dismiss the motion.

The following is the procedural history, as set forth in the recommended decision on Petitioner's prior motion for *Johnson* relief:

> Petitioner was convicted, following his guilty plea, of distribution of five or more grams of cocaine base, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and the Court sentenced him to a prison term of 168 months, followed by a term of five years of supervised release. (Judgment, ECF No. 36.) Petitioner appealed from the sentence, and the First Circuit affirmed. (*United States v. Marion*, No. 05-1341 (1st Cir. Apr. 10, 2006), docketed at No. 2:04-cr-00094-DBH, ECF No. 46.)
>
> Petitioner filed a section 2255 motion in 2008. (*Marion v. United States*, No. 2:08-cv-00060-DBH, ECF No. 1.) Petitioner alleged ineffective assistance of counsel and that his sentence was based on a prior conviction that had been vacated; the Court denied relief. *Marion v. United States*, 2008 WL 4602304, 2008 U.S. Dist. Lexis 85805 (D. Me. Oct. 15, 2008) (recommended decision). (*Marion*, No. 2:08-cv-00060-DBH, ECF No. 24 (recommended decision), ECF No. 27 (order adopting).) The First Circuit denied a certificate of appealability. (*Marion v. United States*, No. 09-1062 (1st Cir. Apr. 6, 2009), docketed at No. 2:08-cv-00060-DBH, ECF No. 40.)
>
> In 2012, the First Circuit denied Petitioner's petition for a writ of mandamus. *(In re Marion*, No. 11-2421 (1st Cir. Jan. 13, 2012), docketed at No. 2:04-cr-00094-DBH, ECF No. 60.) Later that year, Petitioner filed another section 2255 motion. (ECF No. 61.) This Court dismissed the motion as an unauthorized second or successive motion. (ECF No. 62 (recommended decision), ECF No. 64 (order affirming).) In a consolidated appeal, the First Circuit denied Petitioner's request to appeal the dismissal of his second or successive section 2255 motion, and it denied his request to file a second or successive section 2255 motion. (*Marion v. United States*, Nos. 12-2165, 12-2254 (1st Cir. Nov. 8, 2012), docketed at No. 2:04-cr-00094-DBH, ECF No. 74.)

(Recommended Decision at 1-2.)

The pending motion (ECF No. 88) is in substance similar to the prior motion (ECF No. 80), and therefore the same gatekeeping analysis applies:

> Given Petitioner's 2008 section 2255 motion, which concerned the same underlying criminal judgment and which was decided on the merits, the section 2255 motion now pending in this Court (ECF No. 80) is a second

> or successive such motion, and thus it is subject to the gatekeeping requirements of 28 U.S.C. §§ 2244, 2255(h).
>
> This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized a petitioner to proceed on the motion. Title 28 U.S.C. § 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)).

(Recommended Decision at 2-3.)

This Court transferred, rather than dismissed, Petitioner's prior motion, in accordance with 28 U.S.C. § 1631 and First Circuit Rule 22.1(e), based on the above analysis and given the one-year limitation period for filing *Johnson*-related motions. (*Id.* at 3.) Given that the First Circuit dismissed Petitioner's prior request due to Petitioner's lack of prosecution, the interests of justice no longer warrant transfer, but support dismissal. *See* 28 U.S.C. § 1631; First Circuit Rule 21.1(e).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Petitioner's second or successive section 2255 motion. (ECF No. 88.) I further recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 2nd day of March, 2017.